Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIC SELECTION, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZULILY, LLC, a Delaware limited liability company; TICKLED TEAL, LLC, a California limited liability company; BENEDICT'S GOODS, LLC, a California limited liability company, individually and doing business as "Amaryllis Apparel"; DESIGN WEST MODE USA LLC, a California limited liability company, individually and doing business as "SuzanneBetro"; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT; AND<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff, FABRIC SELECTION, INC. (hereinafter "FSI" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. FSI is a corporation organized and existing under the laws of the State of California with its principal place of business in Commerce, California.

5. Plaintiff is informed and believes and thereon alleges that Defendant ZULILY, LLC, ("ZULILY") is a Delaware limited liability company with its principal place of business located at 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant ZULILY owns and operates https://www.zulily.com.

7. Plaintiff is informed and believes and thereon alleges that Defendant TICKLED TEAL, LLC, ("TICKLED TEAL") is a California limited liability company with its principal place of business located 1532 El Camino Del Teatro, La Jolla, CA 92037, and is doing business in and with the State of California

8. Plaintiff is informed and believes and thereon alleges that Defendant BENEDICT'S GOODS LLC ("BENEDICT"), doing business as "Amaryllis Apparel," is a California limited liability company with its principal place of business located at 15261 Barranca Pkwy, Irvine, CA 92618, and is doing business in and with the State of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant Design West Mode USA LLC ("DESIGN WEST"), doing business as "Suzanne Betro," is a California limited liability company with its principal place of business located at 13871 Manzanita Rd. NE, Bainbridge Island, WA 98110, and is doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek to leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

12. ZULILY, BENEDICT, DESIGN WEST, and Does 1-10 will collectively be referred to as "Defendants" herein.

## CLAIMS RELATED TO DESIGN SE40528

13. Prior to the conduct complained of herein, FSI composed an original two-dimensional artwork for purposes of textile printing. Plaintiff allocated the design FSI's Internal Design Number SE40528 ("Subject Design A").

14. Subject Design A is an original creation of FSI and/or FSI's design team, and is, and at all relevant times, was owned exclusively by FSI.

15. FSI registered Subject Design A with the United States Copyright Office.

16. FSI is informed and believes and thereon alleges that, without FSI's authorization, Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical to or substantially similar to the Subject Design A ("Accused Product A"). Such Accused Product includes, but is not limited to, garments bearing an illicit copy of Subject Design SE40528 demarcated Style Nos. TICKLED TEAL_178098-2-NP/drwstrng skirt and TICKLED TEAL_178174-1-5, sold on Zulily.com with labeling indicating such garments were sold by or for ZULILY and TICKLED TEAL.

17. Below is a comparison of the Subject Design A and an exemplar of Accused Product A (detail and garment):

| **SUBJECT DESIGN A** | **ACCUSED PRODUCT A** |
|---|---|
| SE40528 | TICKLEDTEAL_178174-1-5 |
| | Detail |



| | Garment |
|---|---|
| |  |

## CLAIMS RELATED TO DESIGN SE21199

18. Prior to the conduct complained of herein, FSI composed an original two-dimensional artwork for purposes of textile printing. Plaintiff allocated the design FSI's Internal Design Number SE21199 ("Subject Design B").

19. Subject Design B is an original creation of FSI and/or FSI's design team, and is, and at all relevant times was, owned exclusively by FSI.

20. FSI registered Subject Design B with the United States Copyright Office.

21. FSI is informed and believes and thereon alleges that, without FSI's authorization, Defendants, and each of them, created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical to or substantially similar to the Subject Design B ("Accused Product B"). Such Accused Product includes, but is not limited to, garments bearing an illicit copy of Subject Design SE21199 demarcated Style No. AMARVlLIS_ST-10492BPF-l_A.ORAL8lACKP M, sold

on Zulily.com with labeling indicating such garments were sold by or for ZULILY and BENEDICT.

22. Below is a comparison of the Subject Design B and an exemplar of Accused Product B (detail and garment):

| **SUBJECT DESIGN B** | **ACCUSED PRODUCT B** |
|---|---|
| SE21199 | AMARYlLIS_ST-10492BPF-1_A.ORAL81ACKPM<br>Detail |
| | Garment |

## CLAIMS RELATED TO DESIGN SE40509

23. Prior to the conduct complained of herein, FSI composed an original two- dimensional artwork for purposes of textile printing. Plaintiff allocated the design FSI's Internal Design Number SE40509 ("Subject Design C").

24. Subject Design C is an original creation of FSI and/or FSI's design team, and is, and at all relevant times was, owned exclusively by FSI.

25. FSI registered Subject Design C with the United States Copyright Office.

26. FSI is informed and believes and thereon alleges that, without FSI's authorization, Defendants, and each of them, created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical to or substantially similar to the Subject Design C ("Accused Product C"). Such Accused Products includes, but is not limited to, garments bearing an illicit copy of Subject Design SE40509 demarcated Style No. U2504235/Aqua Geometric Notch Neck Empire-Waist Dress, sold on Zulily.com with labeling indicating such garments were sold by or for ZULILY and DESIGN WEST.

27. Below is a comparison of the Subject Design C and an exemplar of Accused Product C (detail and garment):

///

///

///

| **SUBJECT DESIGN C** | **ACCUSED PRODUCT C** |
|---|---|
| SE40509 | Aqua Geometric Notch Neck Empire-Waist Dress  Detail  Garment |

### CLAIMS RELATED TO DESIGN SE40354

28. Prior to the conduct complained of herein, FSI composed an original two- dimensional artwork for purposes of textile printing. Plaintiff allocated the design FSI's Internal Design Number SE40354 ("Subject Design D").

29. Subject Design D is an original creation of FSI and/or FSI's design team, and is, and at all relevant times was, owned exclusively by FSI.

30. FSI registered Subject Design D with the United States Copyright Office.

31. FSI is informed and believes and thereon alleges that, without FSI's authorization, Defendants, and each of them, created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical to or substantially similar to the Subject Design D ("Accused Product D"). Such Accused Products includes, but is not limited to, garments bearing an illicit copy of Subject Design SE40354 demarcated Style Nos. Geometric Yoke Neck Sleeveless Tunic - Women & Plus/ U2502321 and Scarf-Print Wrap Headband Set/102562464, sold on Zulily.com with labeling indicating such garments were sold by or for ZULILY and DESIGN WEST.

32. Below is a comparison of the Subject Design D and an exemplar of Accused Product D (detail and garment):

///
///
///

| SUBJECT DESIGN D | ACCUSED PRODUCT D |
|---|---|
| SE40354 | Geometric Yoke Neck Sleeveless Tunic - Women & Plus/ U2502321 <br><br> Detail <br>  <br><br> Garment <br>  |

33. The above comparison makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar.

34. FSI is informed and believes and thereon alleges that Defendant, and each of them, have committed copyright infringement with actual or constructive knowledge of FSI's rights, and/or in blatant disregard for FSI's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendant, and Each)

35. FSI repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

36. FSI is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Designs A through D, including, without limitation, through (a) access to FSI's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to FSI's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by FSI for its customers.

37. FSI is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. FSI is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Designs in that

said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs or were an illegal derivation or modification thereof.

38. FSI is informed and believes and thereon alleges that Defendants, and each of them, infringed FSI's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

39. Due to Defendants' acts of infringement, FSI has suffered substantial damages to its business in an amount to be established at trial.

40. Due to Defendants' acts of infringement, FSI has suffered general and special damages in an amount to be established at trial.

41. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, FSI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of FSI's rights in the Subject Designs in an amount to be established at trial.

42. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, FSI will make its election between actual damages and statutory damages.

///

///

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

43. FSI repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

44. FSI is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein.

45. FSI is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

46. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, FSI has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

47. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, FSI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

48. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the

Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, FSI prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing FSI's copyrights in any manner, specifically those for the Subject Designs;

b. That FSI be awarded all profits of Defendants' plus all losses of FSI, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That FSI be awarded pre-judgment interest as allowed by law;

g. That FSI be awarded the costs of this action; and

h. That FSI be awarded such further legal and equitable relief as the Court deems proper.

///

///

FSI demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 5, 2024                By:   */s/ Trevor W. Barrett*
                                            Trevor W. Barrett, Esq.
                                            Frank R. Trechsel, Esq.
                                            DONIGER / BURROUGHS
                                            *Attorneys for Plaintiff*