# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIC SELECTION, INC., a California Corporation,<br>  Plaintiff,<br><br>           v.<br><br>ZULILY, LLC, etc., et al.,<br>  Defendants. | No.: 2:24-cv-00095-DSF-MRW<br><br>Order GRANTING Plaintiff's Motion for Default Judgment (Dkt. 27) |

Plaintiff Fabric Selection, Inc. moves for default judgment against Defendants Zulily, LLC and Design West Mode USA LLC. Dkt. 27 (Mot.) at 1. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The application for default judgment is GRANTED IN PART.

## I. BACKGROUND

On January 5, 2024, Fabric Selection filed the instant action against Defendants Zulily, LLC; Tickled Teal, LLC; Benedict's Goods, LLC; and Design West Mode USA LLC. Dkt. 1 (Compl.). Fabric Selection contends Defendants offered for sale and sold garments with near-verbatim copies of Fabric Selection's copyrighted designs without Fabric Selection's permission.[1] See id. ¶¶ 16; 21; 26; 31; 34. These garments were sold on Zulily.com with labels indicating that the

---

[1] Fabric Selection provided copyright registration certificates demonstrating that it owns valid copyrights for the subject designs with the following registration numbers: VAu 1-167-415 and VAu 1-166-578, VAu 1-174-106, and VAu 1-124-261. See Dkt. 27-3 (Ex. 1); Dkt 27-4 (Ex. 2); Dkt 27-5 (Ex. 3); Dkt. 27-6 (Ex. 4).

garments were sold by or for Defendants.  See id.  Fabric Selection alleges claims for copyright infringement and contributory or vicarious copyright infringement.

On March 6, 2024, Fabric Selection filed a notice of dismissal as to Benedict's Goods pursuant to Federal Rule of Civil Procedure 41(a)(1).  Dkt. 18.  On March 15, 2024, Fabric Selection filed a notice of dismissal as to Tickled Teal.  Dkt. 19.  Fabric Selection then requested that the Clerk enter the default of the two defendants who failed to appear: Zulily and Design West Mode.  See Dkt. 20; 21.  The Clerk entered the default both defendants.  See Dkt. 22; 26.  Fabric Selection now seeks a default judgment against Design West Mode and Zulily because they have failed to appear, defend, or otherwise participate in this action.

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  After default is entered, unless the plaintiff's claim is for a sum certain, the plaintiff must apply to the court for entry of default judgment.  Fed. R. Civ. P. 55(b)(2).  The Court need not make detailed findings of fact in the event of default.  See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990).  On entry of default, well-pleaded allegations in the complaint regarding liability generally are deemed to be admitted.  DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007).  Allegations as to damages, however, must be proven.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (cleaned up).

The Court considers the Eitel factors "in exercising discretion as to the entry of a default judgment includ[ing]:  (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of the money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III. ANALYSIS

The Court finds that the Eitel factors favor entry of default judgment.

### A.   Prejudice

First, the Court considers whether Fabric Selection will suffer prejudice if default judgment is not entered. Based on the facts established by the complaint, the Court concludes that Fabric Selection would have no other recourse to prevent Defendants from infringing on Fabric Selection's copyrighted designs absent entry of default judgment.

### B.   Merits and Sufficiency

The second and third Eitel factors consider the merits and sufficiency of a plaintiff's claims. "These two factors require that the Plaintiff 'state a claim on which [it] may recover.'" Citizens Bus. Bank v. Vessel Bellezza, No. 8:18-cv-02163-JLS-KES, 2020 WL 7064247, at *4 (C.D. Cal. Oct. 27, 2020) (quoting PepsiCo, Inc. v. Cal Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). "Of all the Eitel factors, courts often consider the second and third factors to be the most important." JFeld LLC v. Blanket Lovers, No. 2:20-cv-08804-DSF-PLA, 2021 WL 2302447, at *2 (C.D. Cal. Apr. 29, 2021) (cleaned up).

#### 1.   Copyright Infringement

A plaintiff bringing a claim for copyright infringement must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991). Absent direct evidence of copying, Fabric Selection "must demonstrate through fact based showings that Defendant[s] had access to [Plaintiff's] work and that the two works are substantially similar." Amini Innovation Corp. v. KTY Int'l Mktg., 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (quoting Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir. 1996)). In some

cases, "[a]bsent evidence of access, a striking similarity between the works may give rise to a permissible inference of copying.'" Baxter v. MCA, Inc., 812 F.2d 421, 423 (9th Cir. 1987) (cleaned up). Accepting the allegations in the complaint as true, Fabric Selection has satisfied the elements of copyright infringement. Fabric Selection provided copyright registration certificates demonstrating that it owns valid copyrights for the subject designs. See Ex. 1; Ex. 2; Ex. 3; Ex. 4. Additionally, Fabric Selection alleges in the complaint that Defendants offered for sale and sold garments bearing designs that were "near-verbatim" copies of the copyrighted designs without Fabric Selection's permission. Compl. ¶¶ 16; 21; 26; 31. The complaint alleges that the garments were sold on Zulily.com with labels indicating that the garments were sold by or for Defendants. See id. Based on these allegations, the Court can infer that Defendants had access to the copyrighted designs given the striking similarity between the design that Fabric Selection copyrighted and the design on the garments that were offered for sale.

The Court finds that Fabric Selection has established a copyright infringement claim.

### 2. Contributory or Vicarious Copyright Infringement

"One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct *of another* may be liable as a 'contributory' [copyright] infringer." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (cleaned up). To state a prima facie claim for contributory copyright infringement, a plaintiff "must allege that [the defendants] (1) knew or had reason to know of the direct infringement, and (2) either induced, caused, or materially contributed to the infringing conduct." VBConversions LLC v. Gulf Coast Ventures, Inc., No. 12-cv-8265-JGB-AGR, 2016 WL 11687660, at *5 (C.D. Cal. Aug. 10, 2016) (citing A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1020 (9th Cir. 2001)). Further, "[a] defendant is liable for vicarious copyright infringement 'by profiting from direct infringement while declining to exercise a right to stop or limit it.'" Paramount Pictures Corp. v. Int'l Media Films Inc., No. 11-cv-09112-SJO-AJW, 2013 WL 3215189, at *12 (C.D. Cal. June 12, 2013) (quoting Metro-

Goldwyn-Mayer-Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005)). "To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 802 (9th Cir. 2007) (cleaned up). The Court finds that the complaint does not provide facts sufficient to support a claim for either contributory or vicarious copyright infringement. And Fabric Selection's motion does not attempt to argue that this claim is pleaded sufficiently. The Court therefore finds that Fabric Selection has not adequately alleged that Defendants are liable for either contributory copyright infringement or vicarious copyright infringement.

The merits and sufficiency of Fabric Selection's complaint weigh in favor of default judgment as to its copyright infringement claim only.

### C. Sum of Money

When addressing this factor, courts consider "the amount of money at stake in relation to the seriousness of [Defendants'] conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176. Fabric Selection requests statutory damages of $30,000 for each copyright infringement—amounting to $120,000 against Defendant Zulily and $60,000 against Defendant Design West Mode—under 17 U.S.C. § 504(c)(1), which authorizes damages of $750 to $30,000 per mark. Because these damages are "within the allowable range set by Congress," the amount of money at stake does not weigh against the entry of a default judgment. Sennheiser Elec. Corp. v. Eichler, No. 12-cv-10809-MMM-PLA, 2013 WL 3811775, at *5 (C.D. Cal. July 19, 2013).

### D. Dispute as to any Material Facts

After entry of default by the clerk, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. "Where a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is very low." See United States v. Yermian, No. 15-cv-0820-DOC-RAO, 2016 WL 1399519, at *3 (C.D. Cal. Mar. 18, 2016) (cleaned up). As discussed

5

above, Fabric Selection has adequately alleged direct copyright infringement so there is little possibility of a dispute concerning material facts. See Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). This factor also weighs in favor of entry of default judgment.

### E. Excusable Neglect

The Court must determine whether Defendants' default is a product of excusable neglect. Eitel, 782 F.2d at 1472. Where the defaulting party is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the [default] motion," the failure to defend cannot be attributed to excusable neglect. Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001); accord Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082-83 (C.D. Cal. 2012). Here, Fabric Selection properly served Defendants with the complaint, dkt. 10; dkt. 14, as well as the Notice of Motion and Motion for Default Judgment. See Dkt. 28. There appears little possibility that the default resulted from excusable neglect.

### F. Policy Favoring Decisions on the Merit

Though policy favors a resolution on the merits, it is outweighed by the need for prompt resolution. "[T]ermination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo, Inc., 238 F. Supp. 2d at 1177. The preference for resolution on the merits is not dispositive of entering default judgment when the other Eitel factors favor such, as is the case here. See id.

Overall, the Eitel factors weigh in favor of granting default judgment as to the direct copyright infringement claim, but not as to the contributory or vicarious copyright infringement claim.

### G. Relief Requested

Having granted Fabric Selection's Motion for Default Judgment, the Court next considers its requested relief. Federal Rule of Civil

Procedure 55(b)(2) grants the district court "wide latitude" in providing relief in a default judgment. Elektra Entm't Grp. Inc., 226 F.R.D. at 394.

### 1. Statutory Damages

A plaintiff may recover statutory damages "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "[A] plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant." L.A. News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998) (cleaned up). "The court has discretion to award statutory damages between the minimum and maximum, so long as they are sufficient to deter future trademark infringement." GS Holistic, LLC v. AA 110, No. 2:22-cv-02034-DAD-CKD, 2023 WL 8473361, at *5 (E.D. Cal. Dec. 7, 2023) (citing Playboy Enters., Inc. v. Baccarat Clothing Co., Inc., 692 F.2d 1272, 1274-75 (9th Cir. 1982)). In determining the appropriate amount of statutory damages to award on a default judgement, courts consider whether the amount of damages requested bears a "plausible relationship to Plaintiff's actual damages." Yelp Inc. v. Catron, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014) (cleaned up). "While a plaintiff in a trademark or copyright infringement suit is entitled to damages that will serve as a deterrent, it is not entitled to a windfall." Id.

Here, Fabric Selection seeks $30,000 per infringing trademark per defendant, for a total of $180,000 dollars in statutory damages. Mot. at 7-11. Fabric Selection argues this amount could be proved at trial and would prevent Defendants from being unjustly enriched. Id. at 10. In this case, however, the extent of Defendants' infringement is unclear. Fabric Selection offers no evidence to support its request for damages, such as a sale price for the garments or a licensing fee to use the designs. Fabric Selection provides a declaration of Sean Javaheri who is a partner at Fabric Selection, but the declaration offers no evidence or calculations to support a finding that the requested award bears a "plausible relationship to Plaintiff's actual damages." Yelp Inc., 70 F. Supp. 3d at 1102.

7

The Court appreciates the difficulties Fabric Selection faces in calculating damages due to Defendants' failure to participate in litigation. However, the Court cannot conclude that an award of $30,000 in statutory damages for each registered copyright bears a plausible relationship to Plaintiff's actual damages when Plaintiff has provided *no evidence* to support this conclusion.

The Court concludes that an award of $3,000 per infringement is more appropriate based on the lack of evidence provided. The Court finds that this award will serve the deterrent and compensatory purposes of statutory damages while avoiding a windfall. See, e.g., GS Holistic, LLC v. MSA-Bossy Inc., No. 22-cv-07638-JSC, 2023 WL 3604322, at *3 (N.D. Cal. May 22, 2023) (awarding $5,000 dollars in statutory damages when plaintiff offered evidence of one counterfeit sale bearing one infringing mark) Microsoft Corp. v. Ricketts, No. 06-cv-06712-WHA, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007) (awarding $1,000 for each trademark infringed and $1,500 for each copyright infringed when plaintiff presented evidence that only three units of counterfeit software had been sold by the defendants). Because Fabric Selection has established liability for infringing four copyrights against Zulily and two copyrights against Design West Mode, the Court awards $12,000 in statutory damages against Zulily and $6,000 in statutory damages against Design West Mode, for a total of $18,000 in statutory damages.

### 2. Attorneys' Fees and Costs

Fabric Selection seeks $7,200 in attorneys' fees. Mot. at 12. The Court may award reasonably attorneys' fees and costs under 17 U.S.C. § 505. Local Rule 55-3 sets out the fee schedule required to calculate attorneys' fees when an "applicable statute provides for the recovery of reasonable attorneys' fees." Local Rule 55-3 provides that, for judgments between $10.000.01 and $50,000, attorneys' fees are $1,200 plus 6% of the amount over $10,000. As the amount of the judgment exclusive of costs is $18,000, Fabric Selection is entitled to an attorneys' fee award of $1,680 (or $1,200 + (0.06 x $8,000)). Additionally, Fabric Selection seeks $594.75 in costs. Mot. at 11-12. However, Fabric Selection provides no documentation to support the

8

total costs incurred. Because Fabric Selection has not submitted any evidence of the actual costs incurred, the Court cannot determine that the total provided is reasonable and is included without any markup. For this reason, the Court grants costs in the amount of $405 to cover the filing fee because that is the only amount that can be verified independently.

The Court GRANTS Fabric Selection an award of $18,000 in statutory damages, $1,680 in attorneys' fees, and $405.00 in costs.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART Plaintiff's Motion for Default Judgment. The Court orders that Defendant Zulily, LLC pay Plaintiff $12,000 in statutory damages. The Court orders that Defendant Design West Mode USA LLC pay Plaintiff $6,000 in statutory damages. The Court further orders that Defendants are jointly and severally liable to Plaintiff for $1,680 in attorneys' fees and $405 for costs.

IT IS SO ORDERED.

Date: September 10, 2024

_____
Dale S. Fischer
United States District Judge